In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 16-4120 & 19-2379

MARCUS HARRINGTON,

*Plaintiff-Appellant*,

*v.*

DEREK DUSZAK, Chicago Police
Officer, Star #10658, *et al.*,

*Defendants-Appellees.*

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 08277 — **John Z. Lee**, *Judge.*

SUBMITTED APRIL 9, 2020[*] — DECIDED AUGUST 24, 2020

Before BAUER, FLAUM, and KANNE, *Circuit Judges*.

---

[*] We have elected to decide this appeal without oral argument as the briefs
and record adequately present the facts and legal arguments. *See* Fed. R.
App. P. 34(a)(2)(C).

BAUER, *Circuit Judge.* Marcus Harrington brings this appeal requesting us to reverse the district court's admitting evidence of his firearm, prohibiting him from arguing racial animus in closing arguments, failing to sanction the Appellees, and denying his motion for post-trial discovery. Because the district court did not abuse its discretion or commit legal error, we affirm.

On November 18, 2011, at approximately 8:30 p.m., Officers Derek Duszak and Jaime Weber initiated a traffic stop because the light over Harrington's license plate was out. Dispatch notified the officers that there was no record of Harrington's license plate. The officers attempted to identify the vehicle through the VIN number and asked Harrington to exit the vehicle. Harrington fled and the officers chased him down. Officer Weber tased him and Officer Duszak hit him with a baton. During the encounter, Harrington's gun fell to the ground. Officers handcuffed Harrington, retrieved his gun, and took him to the hospital for his injuries.

Harrington sued the officers for excessive force and failure to intervene. The jury ruled in favor of the officers. Harrington moved for post-trial discovery and a new trial, which were denied by the district court. Harrington appeals, seeking reversal for admitting the gun that fell into evidence and being unable to use racial animus in closing arguments. He also seeks post-trial discovery and sanctions against the officers, based on unverified third-party information obtained after trial outside of the five-year period requested during discovery. He claimed that the officers failed to produce nine additional complaints of misconduct by Officer Duszak. After the district court denied the motion, Harrington filed a records request with the

City of Chicago and received this additional documentation. The district court found that these documents exist outside of the five-years sought and Harrington was not prejudiced by this nondisclosure.

We first consider issues during trial: admittance of the gun and Harrington being unable to argue racial animus during closing arguments. We review the district court's admission or exclusion of evidence under Rule 26 for an abuse of discretion. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 728 (7th Cir. 1999). If the admission was erroneous, we consider whether it is clear beyond a reasonable doubt that no rational jury could have rendered the verdict. *United States v. Brown*, 250 F.3d 580, 586 (7th Cir. 2001). "The operative question in excessive force cases is 'whether the totality of the circumstances justifie[s] a particular sort of search or seizure.'" *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546–47 (2017) (citing *Tennessee v. Garner*, 105 S. Ct. 1694, 1700 (1985)). Excessive force claims "are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred." *Saucier v. Katz*, 121 S. Ct. 2151, 2159 (2001). "The district court has considerable discretion in supervising" arguments by counsel. *Jones*, 188 F.3d at 730. Furthermore, the district court is afforded a "special degree of deference" when balancing relevant factors, such as prejudice under Rule 403. *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 441 (7th Cir. 2009). We grant new trials only if there is a significant chance that improperly admitted evidence influenced the outcome of the trial. *Shick v. Ill. Dep't of Human Svcs.*, 307 F.3d 605, 611–12 (7th Cir. 2002).

With regards to admitting the gun into evidence, the district court properly considered the totality of the circum-

stances, including the officers' testimony, and followed the relevant Rules of Evidence. Fed. R. Evid. 401; Fed. R. Evid. 403. The district court did not abuse its discretion in deciding that the evidence was admissible, not unduly prejudicial, and left a question of fact best determined by the jury.

Concerning the racial animus argument, Harrington failed to present any evidence at trial from which a reasonable jury could infer that the officers' actions were racially motivated. Undeveloped arguments are waived without proper support. *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017). Without support for race-based allegations during the case or presented at trial, introducing this argument at closing arguments would have been highly inflammatory and prejudicial. Harrington did not offer any support for this argument and the district court did not abuse its discretion when it prohibited Harrington from using racial animus during closing arguments.

Next, we consider post-trial issues of discovery regarding the additional documentation Harrington believes the officers were required to produce. We review the denial of sanctions under an abuse of discretion standard. *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013); *Ins. Ben. Adm'rs v. Martin*, 871 F.2d 1354, 1361 (7th Cir. 1989). "An abuse of discretion may be established if the district court based its decision on an erroneous view of the law or a clearly erroneous evaluation of evidence." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017).

The dispute centers on information reports and additional complaints filed against Officer Duszak. Harrington sought

sanctions post-trial based on an unverified third-party website detailing nine additional complaints. After his motion was denied, Harrington filed a records request with the City of Chicago and was provided with nine "complaints." One complaint listed was included in discovery and Harrington produces no evidence that this record was incomplete. Four complaints not included in discovery were filed after the discovery request. Harrington's discovery request sought "all complaints … lodged against any of the individual defend-ant[s] in the past five years." The district court found the common meaning of "past five years" to include the date the request was served to five years prior and any complaints filed after would be outside the scope of the request. Harrington had opportunity to seek these additional documents during discovery. The final four "complaints" requested were not complaints, but information reports.

Harrington fails to show how the absence of these records prejudiced him and provides no newly discovered evidence to support his position that these documents would have led to a different outcome. Even if we assume that the officers possessed these documents during litigation, Harrington fails to provide evidence that the officers withheld these records in bad faith, intentionally misrepresented their position, or failed to perform a reasonable inquiry. Without such evidence, the denial of sanctions was not an abuse of discretion. *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013).

We AFFIRM the district court's denial of sanctions and post-trial discovery.